# UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF MICHIGAN
### SOUTHERN DIVISION

UNITED STATES FIDELITY AND
GUARANTY COMPANY (USF&G),

    Plaintiff,

v.

NATIONAL UNION FIRE INSURANCE
COMPANY OF PITTSBURGH, PA
(NUFIC); AMERICAN INTERNATIONAL
GROUP, INC. (AIG); and AIG TECHNICAL
SERVICES, INC. (AIGTS),

    Defendants.

Case: 2:07-CV-12665

Hon. Paul D. Borman
Referral Judge: Steven R. Whalen

---

## DEFENDANTS, AMERICAN INTERNATIONAL GROUP, INC. AND AIG DOMESTIC CLAIMS, INC.'S, IMPROPERLY IDENTIFIED AS AIG TECHNICAL SERVICES, INC., MOTION TO DISMISS PURSUANT TO FEDERAL RULE OF CIVIL PROCEDURE 12(b)(6)

Defendants, American International Group, Inc. ("AIG"), and AIG Domestic Claims, Inc., improperly named as AIG Technical Services, Inc. ("AIGDC") (collectively "AIG Defendants"), hereby move, pursuant to Federal Rule of Civil Procedure 12(b)(6), for an order dismissing Plaintiff's First Amended Complaint against the AIG Defendants, stating:

1.  On May 23, 2007, Plaintiff, United States Fidelity and Guaranty Company ("Plaintiff") filed a Complaint in the Wayne County Circuit Court styled *United States Fidelity and Guaranty Company v. National Union Fire Insurance Company, et al.,* Case Number 07-713893 (the "State Court Action"). Plaintiff named the AIG Defendants as defendants in the State Court Action.

1

2.      On June 15, 2007, Plaintiff filed a First Amended Complaint in the State Court Action, which First Amended Complaint simply amended the caption to properly identify National Union Fire Insurance Company of Pittsburgh, PA ("National Union").  The AIG Defendants continued to be named as defendants in the First Amended Complaint (Exhibit A – First Amended Complaint).

3.      Defendants removed the State Court Action to this Court on June 22, 2007.

4.      Plaintiff alleges in the First Amended Complaint that National Union and the AIG Defendants failed to properly settle an underlying lawsuit, *Jerry Ashley v. National Steel, Inc.,* Wayne County Circuit Court Case No. 03-316563-NO ("Underlying Lawsuit"), under a Commercial Umbrella Insurance Policy No. BE-1398213, which National Union issued to Haas Environmental Services ("Haas"), a defendant in the Underlying Lawsuit.  (Exhibit B – National Union Policy).  Plaintiff seeks damages on account of National Union's and the AIG Defendants alleged bad faith in failing to settle the Underlying Lawsuit.

5.      The plain language of the National Union Policy demonstrates that National Union, not the AIG Defendants, issued the National Union Policy to Haas.  The top of the National Union Policy's Declarations Page (*i.e.* the cover or first page) clearly identifies National Union as the insurance company that issued the National Union Policy as well as each policy endorsement.  (Exhibit B)

6.      Despite this clear policy language, Plaintiff named the AIG Defendants as additional defendants on the basis that National Union is the alleged subsidiary of AIG and AIGDC is an alleged subsidiary of AIG and National Union.  (First Amended Complaint, ¶¶ 2, 11).

7.      Plaintiff's causes of action, which are clearly based on the National Union Policy as an insurance contract, cannot be brought against either of the AIG Defendants because neither of the AIG Defendants were parties to the insurance contract.

8.      Furthermore, the Court should dismiss Plaintiff's claim against the AIG Defendants because Plaintiff has not shown that the separate and distinct corporate status of the AIG Defendants and National Union should be disregarded under a parent/subsidiary theory of liability. *Servo Kinetics, Inc. v. Tokyo Precision Instruments Co., Ltd.,* 475 F.3d 783, 788 (6th Cir. 2007).

9.      Undersigned counsel has sought concurrence from Plaintiff's counsel for the relief sought herein, which was withheld.

WHEREFORE, as to Plaintiff's First Amended Complaint against the AIG Defendants, the AIG Defendants respectfully request that this Court:

a.      Dismiss Plaintiff's First Amended Complaint against the AIG Defendants, with prejudice;

b.      Award the AIG Defendants their costs, interest, attorney fees and expenses incurred in defending this action; and

c.      Award any and all other relief that this Court may deem just and proper.

Respectfully submitted,

By  *s/Ellen Bartman Jannette*
PLUNKETT COONEY
Ellen Bartman Jannette (P41800)
Patrick E. Winters (P62794)
38505 Woodward Avenue, Suite 2000
Bloomfield Hills, MI  48304
Phone:  (248) 901-4000
Fax:     (248) 901-4040
Attorneys for Defendants

3

UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

UNITED STATES FIDELITY AND
GUARANTY COMPANY (USF&G),

                Plaintiff,

v.

NATIONAL UNION FIRE INSURANCE
COMPANY OF PITTSBURGH, PA
(NUFIC); AMERICAN INTERNATIONAL
GROUP, INC. (AIG); and AIG TECHNICAL
SERVICES, INC. (AIGTS),

                Defendants.

Case: 2:07-CV-12665

Hon. Paul D. Borman
Referral Judge: Steven R. Whalen

---

**BRIEF IN SUPPORT OF DEFENDANTS, AMERICAN INTERNATIONAL GROUP,
INC. AND AIG DOMESTIC CLAIMS, INC.'S, IMPROPERLY NAMED AS
AIG TECHNICAL SERVICES, INC., MOTION TO DISMISS
PURSUANT TO FEDERAL RULE OF CIVIL PROCEDURE 12(b)(6)**

## **CONCISE STATEMENT OF THE ISSUE PRESENTED**

SHOULD THIS COURT DISMISS PLAINTIFF'S BAD FAITH CLAIM AGAINST THE AMERICAN INTERNATIONAL GROUP, INC. AND AIG DOMESTIC CLAIMS, INC., IMPROPERLY IDENTIFIED AS AIG TECHNICAL SERVICES, INC., WHERE THEY WERE NOT PARTIES TO THE CONTRACT AT ISSUE AND THE ONLY POSSIBLE THEORY ALLEGED AGAINST THEM IS BASED ON A THEORY OF PARENT-SUBSIDIARY LIABILITY AND PLAINTIFF FAILED TO STATE A VALID CLAIM FOR RELIEF ON THAT THEORY?

## CONTROLLING OR MOST APPROPRIATE AUTHORITY FOR THE RELIEF SOUGHT

*Commercial Union Ins. Co. v. Liberty Mut. Ins. Co.*, 426 Mich. 127; 393 N.W.2d 161 (1986)

*Seasword v. Hilti, Inc. (After Remand)*, 449 Mich. 542; 537 N.W.2d 221 (1995)

*Servo Kinetics, Inc. v. Tokyo Precision Instruments Co., Ltd.*, 475 F.3d 783 (6th Cir. 2007)

## I.      Introduction.

Plaintiff's First Amended Complaint seeks damages as a result of National Union's alleged failure to settle the Underlying Lawsuit under an insurance policy National Union issued to Haas, a defendant in the Underlying Lawsuit.  The Declarations Page of the National Union Policy establishes that National Union, not the AIG Defendants issued the policy to Haas. Despite this fact, Plaintiff named the AIG Defendants as additional defendants on the basis that National Union is an alleged subsidiary of AIG and AIGDC is an alleged subsidiary of AIG and National Union. (First Amended Complaint, ¶¶ 2, 11).

This Court should dismiss Plaintiff's First Amended Complaint against the AIG Defendants pursuant to Fed. R. Civ. P. 12(b)(6) because the AIG Defendants are not parties to the National Union Policy or otherwise in privity of contract with Haas and, consequently, cannot be defendants in this contract-based action.  Furthermore, Plaintiff has not plead or established a cognizable claim against the AIG Defendants, as separate and distinct corporate entities under a parent/subsidiary theory of liability.

## II.     Statement of material facts and proceedings.

In 2003, Jerry Ashley filed a negligence action against, *inter alia,* Haas, styled *Jerry Ashley v. National Steel, Inc., et al,* Wayne County Circuit Court Case No. 03-316563-NO ("Underlying Lawsuit").  National Union insured Haas under a Commercial Umbrella Insurance Policy No. BE-1398213 ("National Union Policy").  (Exhibit A – First Amended Complaint, ¶ 6; Exhibit B – National Union Policy).[1]

---

[1] Despite referencing the National Union Policy throughout its complaint, Plaintiff failed to attach a copy to the Complaint when it first filed this action in Wayne County Circuit Court, as it was required to do pursuant to MCR 2.113(F)(1).  A copy of the policy, on which Plaintiff's action is based, is attached hereto as Exhibit B.

The face of the National Union Policy quite clearly establishes that National Union, not the AIG Defendants, issued such policy to Haas. The top of the first page of the National Union Policy unequivocally identifies National Union as the insurance company that issued the subject policy and each policy endorsement states that National Union made the endorsement. (Exhibit B). In fact, it is clear that neither of the AIG Defendants are a party to the contract.

After the Underlying Lawsuit settled, Plaintiff filed the instant complaint against National Union and the AIG Defendants asserting entitlement to damages arising from National Union and the AIG Defendants' alleged bad faith failure to settle the Underlying Lawsuit. (First Amended Complaint). Despite the National Union Policy's clear language showing that National Union, not the AIG Defendants, issued the National Union Policy to Haas, and as a result was the sole corporate entity involved in the settlement negotiations related to the Underlying Lawsuit, Plaintiff additionally named the AIG Defendants as defendants to this bad faith action. Plaintiff named AIG as a defendant on the basis that "AIG, through its subsidiary [National Union] provided insurance coverage to National Steel and Hass Environmental Services, Inc." (First Amended Complaint, ¶ 5). Plaintiff named AIGDC as a defendant on the basis that AIGDC "was a subsidiary and/or agent of Defendants, AIG and [National Union]." (First Amended Complaint, ¶ 11).

The AIG Defendants now seek dismissal of Plaintiff's First Amended Complaint against them under Fed. R. Civ. P. 12(b)(6) for failure to state a claim upon which relief can be granted.

**III.   Standard of review.**

A motion to dismiss based on Federal Rule of Civil Procedure 12(b)(6) tests whether a legally recognizable claim has been pleaded in the complaint. *Scheid v. Fanny Farmer Candy Shops, Inc.*, 859 F.2d 434, 436 (6th Cir. 1988). In reviewing a motion pursuant to Rule 12(b)(6),

2

the Court should construe the complaint in the light most favorable to the non-movant, accept all factual allegations as true, and determine whether the plaintiff can prove any set of facts in support of his claims that would entitle him to relief. The Court is not required, however, to accept as true unwarranted legal conclusions, summary allegations, or factual inferences.

## IV.   Argument.

### A.   The AIG Defendants are not parties to the National Union Policy out of which Plaintiff's First Amended Complaint arises.

Under established Michigan law, a claim for bad faith as a result of an alleged failure to settle is solely based in contract. *Commercial Union Ins. Co. v. Liberty Mut. Ins. Co.*, 426 Mich. 127, 137; 393 N.W.2d 161 (1986). Thus, Plaintiff's cause of action can only be based upon a supposed breach of the terms and conditions of the National Union Policy. It is an elementary proposition that an entity that is not a party to a contract cannot be sued on the basis of an alleged breach of that contract. Accordingly, Plaintiff's claims can only be sustained, if at all, against National Union, as the party that issued the National Union Policy.[2]

It is clear from the plain and unambiguous terms of the National Union Policy that National Union alone was the insurance company that issued such policy. The top of the first page of the National Union Policy clearly identifies National Union as the issuing entity. (Exhibit B). Furthermore, each policy endorsement states that National Union made the

---

[2] Indeed, the Michigan Court of Appeals has twice held that a carrier-defendant should be dismissed where, contrary to the insured-plaintiff's assertion, that carrier did not issue and was not a party to the subject insurance policy. *Dillard v. Royal Cab Co*, unpublished memorandum opinion of the Court of Appeals, issued June 26, 1998 (Docket No. 198331), *available at* 1998 WL 1991201; *Porter v. DMC Health Care Centers, Inc.*, unpublished opinion per curiam of the Court of Appeals, issued Jan. 17, 1997 (Docket No. 188623), *available at* 1997 WL 33354549. In fact, a plaintiff's refusal to dismiss an improperly named defendant is grounds for sanctions. *Id.*

endorsement.  The AIG Defendants are not referenced anywhere as being parties to the contract.
The evidence is uncontroverted.

Because they were not parties to the contract, Plaintiff has absolutely no connection with
the AIG Defendants and absolutely no basis from which it may bring its claims against them.
Because the AIG Defendants were not parties to the National Union Policy, there is no
contractual relationship or privity that gives rise to Plaintiff's claims.  Accordingly, the AIG
Defendants should be dismissed.

**B.**      **Plaintiff does not have a cognizable claim against the separate and distinct AIG Defendant corporate entities.**

Under Michigan law, separate corporate entities are respected and it is presumed that,
absent some abuse of corporate form, parent and subsidiary corporations are separate and distinct
entities. *Servo Kinetics, Inc. v. Tokyo Precision Instruments Co., Ltd.,* 475 F.3d 783, 788 (6th
Cir. 2007); *Seasword v. Hilti, Inc. (After Remand),* 449 Mich. 542, 548; 537 N.W.2d 221 (1995).
"This presumption, often referred to as a 'corporate veil,' may be pierced only where an
otherwise separate corporate existence has been used to "subvert justice or cause a result that [is]
contrary to some other clearly overriding public policy.'"  *Seasword,* 449 Mich. at 548.
Michigan courts will not pierce this "corporate veil" unless:  (1) the parent has such control over
the subsidiary that the subsidiary has become a "mere instrumentality" of the parent; (2) the
corporate entity was used to commit a fraud or wrong; and (3) the plaintiff suffered an unjust
loss.  *Servo Kinetics, Inc.,* 475 F.3d at 788. If a plaintiff fails to allege these elements, it has
failed to state a valid claim of parent-subsidiary liability. *Seasword,* 449 Mich. at 548-49.

However, the AIG Defendants are not insurers and were not the entity that issued the
National Union Policy.  National Union issued the policy at issue.  The AIG Defendants did not.

4

AIG is merely the holding company for National Union and, as such, cannot be held liable for breach of the National Union Policy allegedly committed by National Union.[3]

Nor can AIG be found liable for breaching an alleged promise to provide a particular policy from a member company. The Michigan Insurance Code specifically establishes that no person (defined to include a corporation) "shall act as an insurer and no insurer shall issue any policy or otherwise transact in this state except as authorized by a subsisting certificate of authority granted to it by the commissioner pursuant to this code." MCL 500.402. The transacting of insurance is defined as follows:

> In this state, the following transactions of insurance, whether affected by mail or otherwise, require a certificate of authority:
>
> (a) The issuance or delivery of insurance contracts to residents of this state.
>
> (b) The solicitation of applications for insurance contracts from residence of this state.
>
> (c) The collection of premiums, membership fees, assessments or other consideration for insurance contracts from residents of this state.
>
> (d) The doing or proposing to do any act in substance equivalent to subdivisions (a) to (c). [MCL 500.402a]

Plaintiff's claims against the AIG Defendants hinge on the rights and duties that were owed to Haas under the National Union Policy. National Union issued the policy at issue to Hass and, therefore, is a proper Defendant in this action.

---

[3] It is settled law that a plaintiff will not be permitted to pierce the corporate veil to reach a parent corporation absent circumstances that are not alleged to exist in this case. Separate corporations generally will be recognized as separate entities. See, e.g., *Dewitt Truck Brokers, Inc. v. W. Ray Flemming Fruit Co.,* 540 F.2d 681, 683 (4th Cir. 1976); *Ohio ex rel Montgomery v. Louis Trauth Dairy,* 1996 WL 343440 (D. Ohio 1996); *Reynolds Metals Co. v. Columbia Gas Sys., Inc.,* 669 F. Supp. 744, 750 (D. Va. 1987); and *Reazin v. Blue Cross and Blue Shield of Kansas, Inc.*, 663 F. Supp. 1360 (D. Kan. 1987), aff'd 899 F.2d 951 (10th Cir. 1990).

*Seabrook v. Michigan Nat'l Corp*, 206 Mich. App. 314, 520 N.W.2d 650 (1994) is instructive on this point. In that case, the plaintiff sued both Michigan National Bank ("MNB") and Michigan National Corporation ("MNC") for wrongful discharge. MNC argued that it could not be found liable because it was not the plaintiff's employer, but was merely the holding company for MNB. The court held that MNC was bound by federal reserve regulations that prohibited it from acting as a principal in dealing with third parties. The court then reasoned, "if plaintiff was an employee of [MNC], she would have been prohibited by Regulation Y from entering into contracts with third parties . . . . Thus, as a matter of law, plaintiff must have been an employee of MNB and not of MNC." *Id.* at 316.

Although the context of *Seabrook* is somewhat different, the principle applies in the instant case with similar force. Because the AIG Defendants are not authorized to conduct the insurance transaction in which they are alleged to have been engaged, as a matter of law they cannot be found liable on Plaintiff's claims.[4]

Here, Plaintiff has failed to allege any facts showing that National Union was a "mere instrumentality" of the AIG Defendants and that there was an abuse of the presumed separate and distinct corporate forms to invoke a fraud or wrong upon Plaintiff. Instead, Plaintiff merely alleges that the AIG Defendants, through a policy that National Union issued, failed to settle the Underlying Lawsuit. The only allegation related to the parent-subsidiary theory of liability is that AIG is a parent corporation to National Union and that AIGDC is a subsidiary or agent of AIG and National Union. The Michigan Supreme Court has explained that such an allegation alone is not sufficient to state a claim of parent-subsidiary liability.

---

[4] All of Plaintiff's claims against the AIG Defendants are duplicative of the claims asserted against National Union, which is certainly capable of satisfying any judgment to which Plaintiff ultimately might be entitled to receive.

6

While plaintiff's pleadings lack any indicia of a parent-subsidiary theory of liability, plaintiff did disclose that theory in response to the defendant's motion for summary disposition and the trial court considered it. Specifically, in opposition to summary disposition, plaintiff alleged that Hilti, Inc., was a subsidiary of Hilti A.G., the admitted manufacturer. Accepting that allegation as true, plaintiff has not stated a claim based on a parent-subsidiary relationship because plaintiff has alleged no facts, nor offered any proof that defendant and Hilti A.G. have abused their presumably separate and distinct corporate forms. Absent such allegations or facts, plaintiff has failed to state a valid claim of parent-subsidiary liability.

*Seasword*, 449 Mich. at 548-49.

Consequently, the AIG Defendants cannot be held liable under a parent-subsidiary theory of liability. Without that, there is no other allegation that Plaintiff had some separate contractual relationship or otherwise with the AIG Defendants that would give Plaintiff standing to sue the AIG Defendants for the requested relief. This Court should, therefore, dismiss Plaintiff's First Amended Complaint against the AIG Defendants as a matter of law.

WHEREFORE, as to Plaintiff's claims against the AIG Defendants, the AIG Defendants respectfully request that this Court:

a.      Dismiss Plaintiff's First Amended Complaint against the AIG Defendants, with prejudice;

b.      Award the AIG Defendants their costs, interest, attorney fees and expenses incurred in defending this action; and

c.      Award any and all other relief that this Court may deem just and proper.

Respectfully submitted,

By   *s/Ellen Bartman Jannette*
PLUNKETT COONEY
Ellen Bartman Jannette (P41800)
Patrick E. Winters (P62794)
38505 Woodward Avenue, Suite 2000
Bloomfield Hills, MI  48304
Phone:  (248) 901-4000
Fax:     (248) 901-4040
Attorneys for Defendants

7

## CERTIFICATE OF SERVICE

I hereby certify that on July 27, 2007, I caused the following documents:

- Defendants, American International Group, Inc. and AIG Domestic Claims, Inc.'s, Improperly Identified as AIG Technical Services, Inc., Motion to Dismiss Pursuant to Federal Rule of Civil Procedure 12(B)(6);

- Brief in Support of Defendants, American International Group, Inc. and AIG Domestic Claims, Inc.'s, Improperly Identified as AIG Technical Services, Inc., Motion to Dismiss Pursuant to Federal Rule of Civil Procedure 12(B)(6);

- Index of Exhibits;
- Notice of Hearing;
- Proposed Order; and
- Certificate of Service.

to be filed electronically with the Clerk of Court through ECF, and that ECF will send an e-notice of the electronic filing to the following:

James E. Tamm at jetamm@odtlegal.com; and
Donald K. Warwick at dkwarwick@odtlegal.com

Respectfully submitted,

By   *s/Ellen Bartman Jannette*
PLUNKETT COONEY
Ellen Bartman Jannette (P41800)
Patrick E. Winters (P62794)
38505 Woodward Avenue, Suite 2000
Bloomfield Hills, MI  48304
Phone:  (248) 901-4000
Fax:     (248) 901-4040
Attorneys for Defendants

Dated:  July 27, 2007

Blmfield.00085.72420.895897-1

8