**UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION**

UNITED STATES FIDELITY AND
GUARANTY COMPANY,

Plaintiff,                                         Case: 2:07-CV-12665

v.                                                 Hon. Paul D. Borman
                                                   Referral Judge: Steven R. Whalen

NATIONAL UNION FIRE INSURANCE
COMPANY OF PITTSBURGH, PA, *et al*,

         Defendants.

---

## CONFIDENTIALITY ORDER

Plaintiff, United States Fidelity and Guaranty Company ("Plaintiff") and the Defendants, National Union Fire Insurance Company of Pittsburgh, PA, American International Group, Inc., and AIG Domestic Claims, Inc., successor in interest to, AIG Technical Services, Inc., (hereinafter jointly referred to as "Defendants") have agreed that this action may involve the discovery and disclosure of privileged or confidential and sensitive information, including confidential commercial information. Accordingly, the parties propose a confidentiality order to govern the production and use of such materials in this action. The Court having reviewed the submission offered by the parties, and being duly advised, now ORDERS as follows:

### I. CONFIDENTIAL MATERIALS

**A.     DEFINITIONS**

1.     The term "this Action" means the instant cause, as set forth in the caption above.

2.     The term "Producer" shall mean any party or non-party that may produce CONFIDENTIAL MATERIAL in this Action.

3.     The term "Receiver" shall mean any party, or other person who is subject to this Order, that receives CONFIDENTIAL MATERIAL produced in this Action.

4.     The term "Document" or "Documents" means (1) all written, recorded or graphic matter whatsoever and information produced on computer disks or tapes or e-mails, which have been produced in this Action by any Producer; and (2) any copies, reproductions, or summaries of the foregoing, including microfilm copies or computer images.

5.     The term "CONFIDENTIAL MATERIAL" means all Documents, and other information (including testimony), a Producer in good faith designates as CONFIDENTIAL MATERIAL and for which a substantive basis exists for the designation under Michigan Law. CONFIDENTIAL MATERIAL shall also include, without limitation, the following Documents and materials:

a.     Documents produced in response to document requests, subpoenas, or authorizations that any party to this action or non-party designates as confidential;

b.     Interrogatory answers, including Documents referred to in an answer to interrogatory, that any party to this action or non-party designates as confidential;

c.     Those portions of deposition transcripts, including exhibits, that any party to this action or non-party designates as confidential;

d.     Documents produced in response to requests for admissions, which any party to this action or non-party designates as confidential;

e.     Those portions of motions and other pleadings filed with any Court in this action, that any party to this action or non-party designates as confidential; and,

f.     Those Documents or materials containing sensitive business and/or proprietary information that any party to this action or non-party designates as confidential.

Nothing in this definition or Order is intended to affect or abrogate any other applicable privilege or protection, including the attorney-client privilege or work product doctrine, which are expressly reserved.

Nothing in this Order shall be deemed an admission by the party receiving said CONFIDENTIAL MATERIALS that the material stated to be CONFIDENTIAL MATERIAL is, in fact, protected under Rule 26 of the Federal Rules of Civil Procedure and/or the attorney-client or other privilege or the work product doctrine. If a Receiver contends that a Document or Documents designated as CONFIDENTIAL MATERIAL should not have been so designated, the parties will meet and confer regarding the designation. In the event of any challenge, the burden of persuasion shall be on the Producer to establish that the material falls within the scope of this Order. In no instance shall the Receiver of a Document to which an objection has been made to its confidential designation disclose the Document or its contents to persons other than those listed in B.3 of this Order, unless the Court has first sustained the objection.

5.     The term "UNDERLYING ACTION" means the lawsuit entitled *Jerry Ashley v. National Steel, Inc., et al*, Wayne Circuit Court, Case No.:03-316563-NO, including the consolidated declaratory judgment action entitled *National Steel, Inc. v Greenwich Insurance Company, et al.*, Wayne County Circuit Court, Case No. 04-405256-CK.

**B.     DESIGNATION AND USE OF CONFIDENTIAL MATERIAL**

1.     Designation of CONFIDENTIAL MATERIAL shall be made by placing the legend "CONFIDENTIAL – SUBJECT TO CONFIDENTIALITY ORDER" (hereinafter, "Confidential Legend") on the face of the Document and on each page so designated. A party who is a Producer shall designate the CONFIDENTIAL MATERIAL by placing the Confidential Legend on any Document(s) before distributing same to other parties. Where Documents are made available for inspection prior to distribution and placement of the Confidential Legend on the Documents, such Documents, and the information therein, are

CONFIDENTIAL MATERIAL, unless and until such Documents are thereafter intentionally distributed by the Producer without the Confidential Legend. Any party may designate a Document as CONFIDENTIAL MATERIAL within thirty (30) days after the Documents have been copied and distributed to the Receiver by notifying all parties in writing in a manner that reasonably identifies the Document(s). Any "CONFIDENTIAL MATERIAL" designation made under this Order shall be retroactive to the date of production.

2.      When a Receiver wishes to file a pleading or other communication with the Court accompanied by CONFIDENTIAL MATERIAL or otherwise disclose CONFIDENTIAL MATERIALS, the Receiver shall file such pleading or other communication (including any exhibits or attachments which contain or disclose CONFIDENTIAL MATERIAL) under seal. The envelope and the pleading or other communications to the Court which contain or disclose CONFIDENTIAL MATERIAL shall bear the legend "CONFIDENTIAL MATERIAL – FILED UNDER SEAL," and shall comply with the requirements of the Local Rules of the United States District Court for the Eastern District of Michigan, Local Rule 5.3.

3.      Except upon the prior written consent of the Producer or by Order of the Court, CONFIDENTIAL MATERIAL shall not be disclosed to any persons other than:

a.      Counsel to the parties to this Order and agents of such counsel, legal associates, paralegals, or clerical or other support staff to the extent necessary for use in this Action;

b.      Any present or former officer, director, employee, agent, or any claims-administrator entity for a party to this Order who is assisting counsel in this Action or the settlement thereof and/or who performs necessary functions in connection with this Action;

c.      Any expert, investigator, agent, or consultant (including their employees, associates and/or support staff) who is employed, retained or otherwise consulted by a party to

this Order or its attorney in connection with this Action, to whom disclosure of the CONFIDENTIAL MATERIAL is necessary;

d.   Deponents, witnesses (including their counsel) and court reporters in this Action, in accordance with the provisions of this Order and any other procedures as may be agreed upon by the parties;

e.   The Court, personnel of the Court including court reporters, and any juries that hear this Action;

f.   Commercial photocopying or document handling firms used by any party to this Order or counsel for photocopying, storage, retrieval or handling;

g.   Any non-party to whom CONFIDENTIAL MATERIAL is produced pursuant to a subpoena, court order or other legal process in accordance with Section I.D. of this Order, or with the consent of the Producer;

h.   Any person (including that person's attorney) who a party's counsel believes may be called to give testimony at any stage of this Action on matters relating to CONFIDENTIAL MATERIAL (provided, however, that all Documents and copies thereof are returned by the potential witness and/or his attorney to the party or its attorney upon resolution of this Action);

i.   Any reinsurer, retrocessionaire, auditor, regulator or other entity or person to whom any party or its counsel may be legally obligated to make such disclosure to the extent necessary for this Action or any reinsurance matters relating to the UNDERLYING CLAIMS.

4.   At a minimum, before disclosing any CONFIDENTIAL MATERIAL, or the contents thereof, to any person specified in B.3 above, or to any independent expert, consultant, private investigator or witness or potential witness, disclosing counsel shall advise such persons of the provisions of this Order and that such persons (1) are bound by the terms hereof, (2) must maintain the received CONFIDENTIAL MATERIALS in confidence, and (3) cannot disclose the received CONFIDENTIAL MATERIALS to anyone

other than in accordance with the terms of this Order. Wherever possible, and except as may otherwise be prohibited by prior contract, treaty, court order or operation of law, the disclosing party shall provide a copy of this Order to such person(s) and make a good faith effort to obtain a signed agreement that such person(s) will be bound by the terms of this Order.

## C.   DEPOSITIONS

1.      Attendance at depositions taken in this Action at which CONFIDENTIAL MATERIAL is identified, discussed or disclosed shall be limited to the court reporter/deposition notary and videographer, where applicable; the deponent; counsel for the deponent; counsel for the parties to this Order; and, any representative of a party or expert, investigator or consultant who is employed, retained or otherwise consulted by a party or its attorney in connection with this Action, who is bound by the terms of this Order. If any CONFIDENTIAL MATERIAL is to be used or discussed during the deposition of a witness, the provisions in Paragraph B.4 shall apply.

2.      Any party to this Order may designate information being disclosed at a deposition as CONFIDENTIAL MATERIAL by designating those portions of the deposition testimony as CONFIDENTIAL MATERIAL within thirty (30) days from the receipt of the deposition transcript, or by advising the court reporter. The reporter shall place the Confidential Legend on every page of the deposition transcript which has been designated CONFIDENTIAL MATERIAL. If any document designated as CONFIDENTIAL MATERIAL is identified as an exhibit in connection with the testimony given in this Action, such document shall be marked and treated as CONFIDENTIAL MATERIAL in accordance with the provisions of this Order. At the direction of the producing party, all persons other than the deponent, deponent's attorney, and those persons described in B.3 above shall be excused from the deposition during the time that the CONFIDENTIAL MATERIAL is being discussed or disclosed.

## D.   SUBPOENAED PRODUCTION OF CONFIDENTIAL MATERIAL

1.      If any Receiver of CONFIDENTIAL MATERIAL is served with a subpoena, court order, or other legal process seeking CONFIDENTIAL MATERIAL by someone other than the Producer, the Receiver shall give prompt written notice of such to the Producer and shall respond to the subpoena, court order, or other legal process by setting forth the existence of this Order. After giving such prompt written notice to the Producer and making such response, no Receiver of CONFIDENTIAL MATERIAL is required to challenge or appeal any further demand for production of CONFIDENTIAL MATERIAL or to subject itself to any penalties for noncompliance with any subpoena, court order, or other legal process. In such event, however, the Producer may challenge or appeal any such further demand at the Producer's discretion and expense.

## E.      OTHER MATTERS

1.      Nothing in this Order shall prevent any party from using or disclosing its own Documents, or from the use or disclosure of any non-privileged document or information which such party may have acquired outside of the discovery process in this Action.

2.      Nothing in this Order shall bar or otherwise restrict any attorney from rendering advice to his or her client with respect to this Action.

3.      Nothing in this Order shall limit any party's right to appropriate discovery or restrict the prosecution, defense or settlement of this Action.

4.      Nothing in this Order shall be construed in any way as a finding that any particular document or information is or is not privileged, or is or is not admissible in evidence. Additionally, a party's compliance with the terms of this Order shall not operate as an admission that any particular document is, or is not, confidential or admissible in evidence at the trial of the Action.

5.      This Order is without prejudice as to the right of any interested party to apply to the Court for an order modifying or amending this Order, for good cause shown, and subject to Court approval.

6.     This Order shall not preclude the parties from exercising any rights or raising any objections otherwise available to them under the Federal Rules of Civil Procedure or Rules of Evidence.

7.     Neither provisions of this Order, nor any disclosure of CONFIDENTIAL MATERIAL by any party pursuant to this Order, shall constitute a waiver in any other litigation, of any attorney-client or other applicable privileges or work product protection, including the protections afforded by the Federal Rules of Evidence, that such party may possess.

8.     It is further agreed that the production of CONFIDENTIAL MATERIAL shall not be deemed a waiver of the Producer's claims of attorney-client or other applicable privileges or work product protection with respect to the Producer's files.

9.     Nothing in this Order restricts or limits the use or disclosure of CONFIDENTIAL MATERIAL by (1) the Producer of such material or (2) any Receiver who obtains identical material from outside the discovery process in this Action.  The burden of proving that the material was obtained from outside the discovery process in this Action shall be upon the Receiver.

10.     Any party added to this Action shall be bound by this Order.

## II.  CONCLUSION OF LITIGATION

### A.     DURATION OF THE CONFIDENTIALITY ORDER

The parties agree to seal and maintain as confidential all CONFIDENTIAL MATERIAL and copies, notes of, and all information contained therein in conformity with this Order. Confidentiality under this Order shall survive the resolution of this Action and the termination of this Order, and shall continue in full force and effect.

### B.     COURT DISPOSITION OF CONFIDENTIAL MATERIAL

Upon the final non-appealable disposition of this Action,

1.      Any CONFIDENTIAL MATERIAL in the control of the Court may, upon application by the Producer to the Court, be purged from the records;

2.      The Clerk is authorized to deliver said CONFIDENTIAL MATERIAL to the Producer.

## C.      RETURN, DESTRUCTION OR STORAGE OF CONFIDENTIAL MATERIAL

Upon the final non-appealable disposition of this Action, all parties and non-parties to whom CONFIDENTIAL MATERIAL or any information contained therein has been disclosed shall, either (1) destroy all or certain categories of the CONFIDENTIAL MATERIALS, (2) return all or certain categories of the CONFIDENTIAL MATERIAL to the Producer, or (3) store all or certain categories of the CONFIDENTIAL MATERIALS in such manner as to preclude disclosure of such CONFIDENTIAL MATERIALS to persons other than those qualified under this Order, subject to the other terms, conditions and restrictions of this Order.  In the event that CONFIDENTIAL MATERIALS are to be stored, such parties or non-parties proposing to store the CONFIDENTIAL MATERIALS shall (1) inform the Producer, (2) provide an index of the CONFIDENTIAL MATERIALS to be stored, and (3) explain the reason or purpose for which the CONFIDENTIAL MATERIALS are being stored.  If the Producer objects to the storage of the CONFIDENTIAL MATERIALS, the parties and/or non-parties shall meet and confer. Thereafter, if the issue is still unresolved, nothing in this Order shall prohibit the Producer from taking legal action to compel the destruction or return of the CONFIDENTIAL MATERIALS.


s/Paul D. Borman
PAUL D. BORMAN
UNITED STATES DISTRICT JUDGE

Dated:  December 6, 2007

CERTIFICATE OF SERVICE

Copies of this Order were served on the attorneys of record by electronic means or U.S. Mail on December 6, 2007.

                                        s/Denise Goodine
                                        Case Manager

Stipulated and Agreed to by:

| | |
|---|---|
| *s/James E. Tamm* | *s/Charles W. Browning* |
| James E. Tamm (P38154) | Charles W. Browning (P32978) |
| Donald K. Warwick (P44619) | Ellen Bartman Jannette (P41800) |
| Attorneys for Plaintiff | Patrick E. Winters (P62794) |
| | Attorneys for Defendants |

Blmfield.00085.72420.919567-1